# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION



| | |
|---|---|
| THERESA M. BURROUGHS-JENKINS, ) ) ) | |
| Movant, ) ) | |
| v. ) ) | Case No. CV405-13 [Underlying CR403-130] |
| UNITED STATES OF AMERICA, ) ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct her federal prison sentence under 28 U.S.C. § 2255. For the following reasons, the Court recommends that the motion be DENIED.

## I. BACKGROUND

On June 5, 2003, a federal grand jury indicted movant on one count of theft/embezzlement of over $200,000 from a program receiving federal funding in violation of 18 U.S.C. § 666, one count of mail fraud involving over $180,000 in violation of 18 U.S.C. § 1341, one count of bank fraud

involving over $200,000 in violation of 18 U.S.C. § 1344; and one forfeiture count for $230,542.06 pursuant to 18 U.S.C. § 982. Doc. 1.[1] On October 22, 2003, movant pled guilty to count one of the indictment and conceded the forfeiture count. Docs. 20, 24; Rule 11 Tr. at 39.

In the plea agreement, movant admitted that while she was employed as the Director of Finance at Greenbriar Children's Center in Savannah, Georgia, she embezzled over $5,000 from the Center. Doc. 24 at 9. She also acknowledged that "separate transactions may be considered by the Probation Office in calculating relevant conduct," and understood that all her conduct related to the offense would be considered by the Court in determining her sentence. Doc. 24 at 3, 10; Rule 11 Tr. at 39.

At the Rule 11 hearing, U.S. Secret Service Special Agent Allan Malone testified that the total amount of loss to Greenbriar was more than $170,000 in unauthorized American Express credit card purchases made by movant, and more than $15,000 in forged checks. Rule 11 Tr. at 51, 54. Movant, who up to this point had been represented by appointed counsel Robert German, admitted that she had embezzled in excess of $5,000 from

---

[1]Citations are to the docket in movant's underlying criminal case, CR403-130.

Greenbriar. Id. at 63. Movant's counsel asked the Court to provide an expert to assist him with determining the amount of theft for sentencing purposes. Id. at 42. The Court appointed attorney Michael Edwards to assist German with preparing the financial records for sentencing.

In the presentence investigation report ("PSI"), movant's base offense level for violating 18 U.S.C. § 666 was six. Based on her theft of $193,636.67, the probation officer determined that her base offense level should be increased by ten levels pursuant to U.S.S.G. § 2B1.1(b)(1)(F). The probation officer recommended a two level enhancement pursuant to U.S.S.G. § 3B1.3 for abuse of position of trust based on movant's position as Director of Finance at Greenbriar. The probation officer also recommended a three level reduction in offense level for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b). The resulting total offense level recommended in the PSI was level 15, criminal history category I, with an applicable sentencing range of 18 to 24 months' imprisonment. The probation officer stated in the PSI that movant had agreed to forfeit $203,542, and owed restitution in the amount of $143,636.67 to Greenbriar and $50,000 to Greenbriar's insurance company.

Movant objected to the recommended two level enhancement and to the probation officer's recommendation that the Court depart upwardly based on her offense creating a substantial loss beyond the amount of loss determined for sentencing purposes, i.e., the cost to Greenbriar to investigate movant's theft, and the decline in donated funds to Greenbriar because of the publicity surrounding movant's criminal case. Movant did not object to the amount of loss ($193,636.67) determined by the probation officer. At sentencing, the only objection movant wished to be heard on was her objection to the upward departure recommendation. Sent. Tr. at 9.

On January 21, 2004, declining to adopt the probation officer's recommendation for an upward departure, the Court sentenced movant to 24 months' imprisonment, three years' supervised release, a $100 special assessment, and restitution in the amount of $193,636.67. Sent. Tr. at 50-52. Movant had no objections to the sentence imposed. Id. at 54. Judgment was entered on January 22, 2004, and movant did not appeal. Thus, her conviction became final on February 5, 2004 when the ten day period for filing a notice of appeal expired. Fed. R. App. P. 4(b)(1)(A)(i).

On December 27, 2004, movant executed her timely 28 U.S.C. § 2255 motion. In this motion, movant raises four grounds:

(1) counsel rendered ineffective assistance for failing to request an evidentiary hearing to determine the actual loss amount suffered by Greenbriar;

(2) counsel rendered ineffective assistance in failing to facilitate discussions with investigators concerning the on-going investigations into other individuals involved in thefts at Greenbriar;

(3) the loss amount was never determined beyond a reasonable doubt; and

(4) the Court erred in giving plaintiff a two-point enhancement for abuse of a position of trust.

## II. ANALYSIS

Absent a showing of cause and prejudice, previously available claims not timely raised are procedurally defaulted. United States v. Frady, 456 U.S. 152, 167 (1982); Mills v. United States, 36 F.3d 1052, 1055-56 (11th Cir. 1994); Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990). Because the claims movant asserts in her § 2255 motion were not raised on direct appeal, she must show (1) "'cause' excusing [her] double procedural

default, and (2) 'actual prejudice' resulting from the errors of which [she] complains" to avoid procedural default. Frady, 456 U.S. at 168.

A showing that counsel's performance was constitutionally deficient, coupled with a showing of prejudice, can satisfy the cause and prejudice standard. Reece v. United States, 119 F.3d 1462, 1468 (11th Cir. 1997). To establish ineffective assistance of counsel, movant must satisfy the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, movant must demonstrate that her attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, movant must demonstrate that the defective performance prejudiced her defense to such a degree that the results of the trial are called into question. Id.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's

performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In her motion, movant makes two claims of ineffective assistance of counsel. First, she argues that Mr. German was ineffective because he failed to request an evidentiary hearing to determine the actual loss suffered by Greenbriar. She further claims that Mr. German failed to follow-up with or contact Michael Edwards, who was appointed by the Court to assist Mr. German for the sentencing phase of defendant's case.

Movant also charges that Mr. German failed to provide Mr. Edwards with any of the case information.

The Court does not credit movant's arguments. First, the Court disagrees that an evidentiary hearing was necessary. As the government points out, movant admitted to embezzling $193,636.00 from Greenbriar. This was the amount used by the probation officer and the Court to support her guidelines sentence. She can show no prejudice to overcome her procedural default on this point. With respect to her contentions that Mr. German failed to follow-up with Mr. Edwards and that he failed to give Mr. Edwards necessary discovery materials, these claims are belied by the record. Mr. Edwards appeared at sentencing on defendant's behalf. His representation at the sentencing hearing demonstrates that he was very familiar with defendant's case. Sent. Tr. at 4-7, 24-26, 32-42. There is no indication that any information was withheld from him.

Movant also claims that her counsel was ineffective for failing to facilitate discussions with investigators concerning ongoing investigations into other individuals at Greenbriar. The record refutes movant's contention. At the sentencing hearing, Assistant United States Attorney,

Jim Durham and defendant's counsel, Michael Edwards, approached the Court at sidebar. There, Mr. Durham stated to the Court:

> There is a possibility that Ms. Jenkins will cooperate in a criminal investigation at Greenbriar. We've been authorized to do (sic). The investigation is ongoing. We're continuing our investigation and subpoenaing documents and that type of stuff.
>
> At this point, the government is not in a position to file a motion for a down (sic) departure, and is unable to tell the Court whether or not we're going to do so.
>
> I can tell you that the extent of any unauthorized use of credit cards or any accounts of Greenbriar in no way came to a level that we're talking about in here. That is why it is taking the government a long time to do so.

Sent. Tr. at 3-4. It is clear from the record that the government sought movant's cooperation in its investigation of other individuals at Greenbriar. The fact that her cooperation did not lead to what the government would characterize as "substantial assistance" warranting a Rule 35 motion for reduction of sentence is not grounds for granting movant habeas relief.

In sum, the Court rejects movant's arguments that she received ineffective assistance of counsel. Because she has failed to show cause and prejudice for her failure to raise the present claims on appeal, they should be dismissed as procedurally defaulted.

Movant's claims also fail on their merits. The Court has already addressed the merits of movant's claims that her counsel rendered ineffective assistance. Movant also asserts, relying on Blakely v. Washington, 124 S.Ct. 2531 (2004), that the sentence imposed violates the Sixth Amendment because the loss amount for which she was held accountable was never determined beyond a reasonable doubt by a jury, or admitted by movant. This argument must fail.

In Blakely, an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that a judge's imposition of a sentencing enhancement above the state guidelines' standard range violated the defendant's Sixth Amendment rights since the facts supporting the enhancement were neither admitted by the defendant, nor found by a jury. In United States v. Booker, 2005 WL 50108, at *1 (U.S. Jan. 12, 2005), the Supreme Court ruled that the federal guidelines also violate the Sixth Amendment. Rather than striking down the guidelines, the Supreme Court invalidated the two provisions of the Sentencing Reform Act of 1984 that made the federal guidelines mandatory. Because Booker applies only to cases on direct review at the time the decision was issued, it can provide

movant no relief. 125 S.Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 238 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past."); Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 752 (1995); Harper v. Virginia Dep't of Taxation, 509 U.S. 86, 97 (1993); see also In re Anderson, 2005 WL 123923, at *1 (11th Cir. Jan. 21, 2005) (holding that Booker should not be applied retroactively on collateral review); Varela v. United States, 2005 WL 367095, at *1 (11th Cir. Feb. 17, 2005).

With respect to movant's argument that the Court erred when it imposed a two-level enhancement to her sentence for abuse of a position of trust pursuant to U.S.S.G. § 3B1.3, U.S.S.G. § 3B1.1 provides for a two-level enhancement where "a defendant abused a position of public or private trust . . . in a manner that facilitated the commission or concealment of the offense." To enhance a defendant's sentence under this section, the Court must find "(1) that the defendant held a place of public or private trust; and (2) that the defendant abused that position in a way

that significantly facilitated the commission or concealment of the offense." United States v. Britt, 388 F.3d 1369, 1371 (11th Cir. 2001) (quoting United States v. Ward, 222 F.3d 909, 911 (11th Cir. 2000)). Movant argues that her title and position at Greenbriar did not facilitate her offense. The Court staunchly disagrees.

The facts in the record, to which movant does not object, demonstrate that movant managed the accounts payable and receivable at Greenbriar and that she handled the financial statements from American Express and Sun Trust. Rule 11 Tr. at 48. After making unauthorized charges to Greenbriar's American Express account, movant paid the balance with checks written by a check writing machine that her position gave her access to. Id. at 48-49. No one at Greenbriar ever saw the American Express bills. Sent. Tr. at 14. No one at Greenbriar ever saw the checks that she wrote to pay those bills. Movant also used the check writing machine to issue unauthorized checks to herself, which she would then deposit into her personal bank account, or into the bank account of her husband's music production company. Rule 11 Tr. at 53-54, 61.

In order to hide the large sums of money that were being taken out of Greenbriar's accounts, movant would shuffle the expenses through different accounts in Greenbriar's books, spreading them throughout various expense accounts so that they would not stand out if someone took a general look at the organization's books. Sent. Tr. at 17-19. Because movant was in charge of the general ledger, she was able to accomplish this task. Id. Another employee who was not in her position would not have been able to do the same.

The Court decision to enhance movant's sentence is well supported by Eleventh Circuit precedent. Britt, 388 F.3d at 1372 (upholding enhancement where defendant had "independent judgment" in position and was "loosely supervised" and "had a great deal of discretion" enabling her to hide her fraudulent approval of social security applications for over four years); United States v. Bracciale, 374 F.3d 998, 1005-07 (11th Cir. 2004) (affirming enhancement where wire fraud defendant's position as Regional Sales Manager was not closely supervised and trust afforded him in his position allowed scheme to flourish); United States v. Linville, 228 F.3d 1330, 1331 (11th Cir. 2000) (upholding enhancement for defendant

convicted of bank fraud where defendant used signature authority conferred on him by employer to forge checks made out to himself and altered employer's accounting records to conceal fraud); United States v. Milligan, 958 F.2d 345, 346-47 (11th Cir. 1992) (affirming enhancement where postal clerk was able to embezzle money based on specialized knowledge and unsupervised access enabling him to move funds in and out of accounts).

## III. CONCLUSION

Based upon the foregoing, the Court recommends that the instant § 2255 motion for habeas corpus relief be DENIED.

**SO REPORTED AND RECOMMENDED** this 21st day of April, **2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## Southern District of Georgia

Theresa M Burroughs-Jenkins )

vs ) CASE NUMBER CV405-13 (CR403-130)

United States of America ) DIVISION SAVANNAH
)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated April 21, 2005_____, which is part of the official record of this case.

Date of Mailing: April 22, 2005

Date of Certificate ☐ same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

<u>Name and Address</u>

Theresa Buroughs-Jenkins, 11608-021, FCI Marianna, 3625 FCI Road, Marianna, FL 32446
Amy Lee Copeland, Esq

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate